IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-00359-BO

**Carlo Cook**,

        Plaintiff,

v.

**Sysco Raleigh, LLC,**

        Defendant.

**Order**

    This matter comes before the court upon the parties' joint motion to stay discovery. D.E. 17. It requests the court stay the proceedings, including the issuance of a Scheduling Order and commending discovery, until the court resolves its pending Motion to Dismiss (D.E. 11). *Id*. The motion to stay contends that the pending dispositive motion, which challenges several claims, may significantly reduce the need for discovery. So some of the time and expense attendant to discovery may be unnecessary.

    "A motion to stay discovery is tantamount to a request for a protective order prohibiting or limiting discovery pursuant to Rule 26(c)." *Kron Med. Corp.* v. *Groth*, 119 F.R.D. 636, 637 (M.D.N.C. 1988). Rule 26(c) of the Federal Rules of Civil Procedure gives the court, among other things, the authority to issue a protective order staying discovery while it resolves a motion to dismiss. *Tilley* v. *United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); Fed. R. Civ. P. 26(c)(1)(B) & (D). As with all protective orders, the moving party must show good cause for the court to issue the order. Fed. R. Civ. P. 26(c)(1).

With no guidance from the Fourth Circuit, district courts have looked at several factors when considering whether to grant a motion to stay discovery. Among them are whether the motion, if granted, would dispose of the entire case, *Simpson* v. *Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988), the strength of the motion's arguments, *Tilley*, 270 F. Supp. 2d at 734–35; and whether discovery is necessary for the non-moving party to respond to the motion, *id.* at 734. But, at bottom, the court must "balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Simpson*, 121 F.R.D. at 263.

Here, balancing these factors supports granting the motion to stay. Until the court disposes of the pending motion to dismiss, it is uncertain what discovery may be required. The resolution of the motion to dismiss may narrow discovery. And the motion to dismiss requires no discovery for the court to decide it.

Both parties set forth reasonable arguments in support, or challenge, the motion to dismiss. On the other side of the ledger are the costs of discovery, which could be substantial.

It is an open question whether the court will grant the pending motion to dismiss. If the motion is granted, some of the time and resources devoted to discovery may be for naught. The court is mindful of the interests in moving a case forward. But given the nature of the action, delaying discovery will not prejudice either side's ability to pursue its claims or defenses should the court deny the pending motion.

After balancing the relevant factors, the court finds that there is good cause to stay discovery. So the court grants the motion to stay (D.E. 17) and orders that, unless they agree otherwise, any discovery is postponed until the court resolves the pending motion to dismiss. If

court the denies the motion, in whole or in part, the parties must confer and submit a Rule 26(f) report within 14 days from the entry of the order on the motion.

Dated: October 21, 2025

_____
Robert T. Numbers, II
United States Magistrate Judge