IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-359-BO-RN

CARLO COOK, )
)
       Plaintiff, )
)
v. ) O R D E R
)
SYSCO RALEIGH, LLC, )
)
       Defendant. )

This cause comes before the Court on defendant's partial motion to dismiss for failure to state a claim. [DE 11]. Plaintiff responded [DE 14] and defendant replied [DE 15]. In this posture, the motion is ripe for disposition. For the following reasons, the motion is granted.

## BACKGROUND

Plaintiff Cook was hired by defendant Sysco in 2022 as a diesel technician. [DE 1, ¶ 8]. Sysco issued him a uniform he regarded as too small. *Id.* at ¶ 10. Being a Christian preacher, he felt that it would violate his religious beliefs regarding modesty to wear a uniform which would expose parts of his body when he bent down or reached up. *Id.* at ¶ 9–10. His coworkers would tease him for the ill-fitting uniform. *Id.* at ¶ 12. Despite informing his supervisor, W. Jones, and filling out a request form, plaintiff did not receive a new uniform. *Id.* at ¶¶ 11, 13. As a result, he had to "wear personal clothing to work, which he could not regularly afford." *Id.* at ¶ 14. Around June 11, 2023, plaintiff began delivering sermons at church on Sundays and informed W. Jones. *Id.* at ¶ 16. After plaintiff was moved to a Sunday schedule, he reminded W. Jones that he needed to attend church on Sundays, and W. Jones "suggested Plaintiff arrive late after church." *Id.* at ¶ 20.

Around July 13, 2023, plaintiff informed his director, Matt, "that he had enrolled in an EPA 608 certification course, a requirement for promotion to Diesel Tech III." *Id.* at ¶ 22. W. Jones organized the training but criticized plaintiff "for going over his head to speak with Matt and directed Plaintiff to communicate only with him regarding future training matters." *Id.* at ¶ 23. "On or about August 14, 2023, Plaintiff notified W. Jones and Matt that he had obtained his EPA 608 certification. Despite the milestone, W. Jones failed to process the promised raise." *Id.* at ¶ 26.

Around May 7 and May 16, 2023, plaintiff responded to two separate safety incidents regarding the same tractor. "In the first incident, the vehicle nearly experienced a 'wheel-off' event" and in the second, the same tractor needed its lug nuts re-torqued. *Id.* at ¶ 15. These events foreshadowed another incident on September 12, 2023, when that tractor "lost its wheels while on the road." *Id.* at ¶ 32. Plaintiff complained about ongoing safety issues several times, and human resources dismissed his complaints. *Id.* at ¶¶ 34, 36. Plaintiff resigned around October 4, 2023. *Id.* at ¶ 37.

Plaintiff asserts claims for (1) retaliation in violation of Title VII of the Civil Rights Act of 1964, (2) religious discrimination and failure to accommodate in violation of Title VII, (3) retaliation and discrimination under the North Carolina Equal Employment Practices Act (NCEEPA), (4) constructive discharge in violation of Title VII and North Carolina public policy, (5) violation of the Equal Pay Act (EPA), (6) violation of the Fair Labor Standards Act (FLSA), and (7) violation of the Surface Transportation Assistance Act (STAA).

Defendant moved to dismiss the claim under NCEEPA, the constructive discharge claim, the EPA claim, the FLSA claim, and the STAA claim.

DISCUSSION

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard does not require detailed factual allegations, *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, 917 F.3d 206, 212 (4th Cir. 2019), but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*a. NCEEPA*

Defendant argues plaintiff fails to state a claim because NCEEPA does not provide a private right of action. "The provisions of the NCEEPA do not explicitly provide a private cause of action for violation of the stated public policy, nor have North Carolina courts recognized such a private cause of action arising independently out of the statute." *Jones v. Duke Energy Corp.*, 43 F. App'x 599, 600 (4th Cir. 2002). "[A]bsent a clear indication from the courts or the legislature of North Carolina that a private right of action does exist under the NCEEPA, it would be inappropriate for a federal court to create a private right of action under the NCEEPA." *McNeil v.*

3

*Scotland Cty*, 213 F. Supp. 2d 559, 570 (M.D.N.C. 2002), *aff'd*, 53 F. App'x 242 (4th Cir. 2002) (quoting *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)). Any purported fee-standing claim based on NCEEPA must be dismissed.

### b. *Constructive Discharge in Violation of Title VII and North Carolina Public Policy*

Plaintiff argues that his NCEEPA claim is not a free-standing claim, but rather that it states the public policy grounds for his claim of wrongful termination in violation of North Carolina public policy. Claims for wrongful termination in violation of North Carolina public policy, however, cannot be based on constructive discharge. *See Jones*, 43 F. App'x at 600 ("no private cause of action exists for . . . constructive discharge in violation of public policy"). Because plaintiff was not fired, but alleges he resigned, he fails to state a claim.

This count is pled as "constructive discharge in violation of Title VII and North Carolina public policy." While a constructive discharge cannot support a claim for wrongful termination under North Carolina public policy, defendant does not move to dismiss the Title VII portion of this count. Only the claim for constructive discharge in violation of North Carolina public policy is dismissed.

### c. *EPA*

"A plaintiff establishes a prima facie case of discrimination under the EPA by demonstrating that (1) the defendant-employer paid different wages to an employee of the opposite sex (2) for equal work on jobs requiring equal skill, effort, and responsibility, which jobs (3) all are performed under similar working conditions." *U.S. Equal Emp. Opportunity Comm'n v. Maryland Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018). "In alleging this necessary equality [of skill, effort, responsibility, and working conditions], a plaintiff may not rely on broad

4

generalizations at a high level of abstraction." *Spencer v. Virginia State Univ.*, 919 F.3d 199, 204 (4th Cir. 2019), *as amended* (Mar. 26, 2019).

The complaint alleges "Plaintiff performed work requiring equal skill effort, and responsibility under similar working conditions as similarly situated employees." [DE 1, ¶ 62]. It continues, "Defendant paid Plaintiff less than employees of the opposite sex for performing substantially equal work, without justification under the statutory exceptions." *Id.* at ¶ 63. These allegations are conclusory, merely reciting the elements of the cause of action. There is no further allegation which likens the plaintiff's work to the work of a coworker or compares their working conditions. Plaintiff fails to state a claim.

### d. *FLSA*

To make out a claim for failure to compensate overtime, plaintiff must allege "(1) that he worked overtime hours without compensation; and (2) that the employer knew or should have known that he worked overtime but failed to compensate him for it." *Figueroa v. Butterball, LLC*, No. 5:20-CV-585-D, 2021 WL 4203652, at *4 (E.D.N.C. 2021). Plaintiff's threadbare and conclusory allegations recite that he "and others were not properly compensated for all hours worked, including overtime hours, and Defendant failed to maintain accurate records of time worked." [DE 1, ¶ 67]. Plaintiff argues that the complaint alleges he once worked "nine consecutive days," which creates an inference that he worked more than forty hours in the week. *Id.* at ¶ 30. He does not, however, allege that defendant failed to compensate him correctly for the hours he worked that week.

"[P]laintiffs seeking to overcome a motion to dismiss must do more than merely allege that they regularly worked in excess of forty hours per week without receiving overtime pay." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017). "[A]llegations are insufficient to survive a

5

Case 5:25-cv-00359-BO-RN    Document 22    Filed 02/12/26    Page 5 of 7

motion to dismiss where plaintiff has done no more 'than merely allege' that at some point during roughly the last four years employees of defendants did not receive the applicable minimum hourly rate and defendants did not properly maintain records." *Acosta v. Ararat Imp. & Exp. Co., LLC*, 378 F. Supp. 3d 443, 447 (E.D.N.C. 2019). Although the time period applicable to the present case is shorter than four years, plaintiff follows the same impermissible pleading form described in *Acosta*. Plaintiff fails to state a claim under the FLSA.

e. *STAA*

"[E]mployees wishing to file a complaint for a violation of the [STAA] may do so "with the Secretary of Labor not later than 180 days after the alleged violation occurred." *Bailiff v. Davenport Transp., Inc.*, No. 3:13-CV-308-GCM, 2013 WL 6229150, at *3 (W.D.N.C. Dec. 2, 2013) (citing 46 U.S.C. § 31105(b)) (dismissing STAA claim because plaintiff did not contend he filed a complaint with the Secretary of Labor, and this failure to exhaust administrative remedies left the court without subject matter jurisdiction). Plaintiff alleges he received a "right to sue" letter from the EEOC but does not allege he filed a complaint with the Secretary of Labor. *See, e.g.*, *White v. Cochran*, 229 N.C. App. 183, 195 (2013) ("[T]he purposes sought to be served by proceedings before the Department of Labor differ substantially from the purposes sought to be served by proceedings before the EEOC").

"Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009) (citation omitted). Because plaintiff failed to exhaust his administrative remedies, his STAA claim is dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, defendant's partial motion to dismiss [DE 11] is GRANTED. Plaintiff's NCEEPA, constructive discharge, EPA, FLSA, and STAA claims are DISMISSED. Plaintiff's Title VII claims proceed.

SO ORDERED, this _12_ day of February 2026.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE